IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH

| | |
|---|---|
| BRENDA BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 09-6099-CV-SJ-FJG |
| ) | |
| ZALE DELAWARE, INC., et. al. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is plaintiff's Motion to Remand to Buchanan County Circuit Court (Doc. No. 5).

I.  **BACKGROUND**

Plaintiff Brenda Burris is a resident of Buchanan, Missouri. Defendant Zale Delaware, Inc. d/b/a The Piercing Pagoda is a foreign corporation, currently in good standing in the state of Missouri. Plaintiff commenced her employment with defendant in 1993 as a manager of Piercing Pagoda in the East Hills Shopping Center in Saint Joseph, Missouri. On Jul 23, 2007 plaintiff was granted leave under the Family Medical Leave Act. She returned to work from her leave of absence on or about September 17, 2007. Plaintiff alleges that while she was on leave defendant Lacevic informed plaintiff's assistant manager of her intent to replace plaintiff with a younger, less experienced person. On or about October 12, 2007, plaintiff was suspended and subsequently terminated on October 24, 2007. Following her termination, plaintiff alleges she was replaced by a younger, less experienced individual.

Plaintiff brings this action against Zale Delaware Inc. and Delila Lacevic for violations

of the Missouri Human Rights Act as well as for common law retaliatory discharge, defamation, false light, and intentional infliction of emotional distress.

## II. LEGAL STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181,183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F. Supp. 745, 746 (E.D. Mo. 1994).

Williams v. Safeco. Insur. Co. Of America, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Dev. Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, at *2 (D. Neb. Oct. 11, 2005) (citing Shamrock Oil & Gas Corp., 313 U.S. at 107-09).

## III. DISCUSSION

### A. Non-removability Under 28 U.S.C. § 1445(c)

The issue presented is whether this Court can exercise jurisdiction over claims that arise under Missouri's workers' compensation laws. Under 28 U.S.C. § 1445(c) "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (2009). If § 1445(c) applies, the case is not removable even if there is subject matter jurisdiction based on diversity or federal question. Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245

2

(8th Cir. 1995) (holding that plaintiff's action for retaliatory discharge under Mo. Rev. Stat. § 287.780 arose under Missouri's workers' compensation laws and was not removable under 28 U.S.C. § 1445(c)); see e.g., Johnson v. Agco Corp., 159 F.3d 1114, 1116 (8th Cir. 1998) (noting that § 1445(c) prevented removal of a retaliatory discharge claim under Mo. Rev. Stat. § 287.780 even though there was diversity of citizenship among the parties).

An exception to non-removability under § 1445(c) occurs if a claim under a state's workers' compensation laws is completely preempted by federal law. Humphrey, 58 F.3d at 1246. If a claim is completely preempted by federal law, then it no longer "arises under" a state's workers' compensation laws and falls outside the scope of 28 U.S.C. § 1445(c). Johnson, 159 F.3d at 1116. As well, a workers' compensation retaliation claim arising under Missouri common law is not considered to "arise under" a state's workers' compensation laws and also falls outside the scope of § 1445(c). See Humphrey, 58 F.3d at 1245; see e.g., Miller v. Ceva Logistics, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *1 (W.D. Mo. Jan. 10, 2008) (properly asserting jurisdiction because retaliation claim was based on Missouri common law and diversity requirements were met).

Removal under § 1445(c) is considered a procedural defect and, thus, may be waived if a plaintiff fails to object within 30 days of the notice of removal. A procedural defect is any defect that does not go to the question of whether the court has subject matter jurisdiction based on federal question or diversity and includes "all non-jurisdictional defects existing at the time of removal." In re Allstate Ins. Co., 8 F.3d 219, 221 (5th Cir. 1993). Motions to remand the case based on a procedural defect must be made within 30 days after the notice of removal under 28 U.S.C. § 1446(a) or remand will be considered waived. 28 U.S.C. § 1447(c) (2009). See e.g., Phillips v. Ford Motor Co., 83 F.3d 235, 237 nn.2 &

3

5 (8th Cir. 1996) (noting that even though the district court lacked removal jurisdiction under 1445(c), the plaintiff waived the right to remand the case because he failed to timely move for remand; the court did have subject matter jurisdiction based on diversity of citizenship); Bloom v. Metro Heart Group of St. Louis, Inc., 440 F.3d 1025, 1031 n.2 (8th Cir. 2006) (recognizing that district court properly exercised supplemental jurisdiction over the workers' compensation claim because it had federal question jurisdiction, and plaintiff had failed to timely move for remand under 28 U.S.C. § 1445(c)).

In the present case, plaintiff Burris alleges several state law claims including a violation of her rights under Missouri's workers' compensation laws, specifically Mo. Rev. Stat. § 287.780. Just like the plaintiff in Humphrey whose case was remanded because the court held that her retaliatory claim arose under Missouri's workers' compensation laws and, thus, could not be removed under 28 U.S.C. § 1445(c), Burris' retaliatory discharge claim should not be removed regardless of whether the court has proper subject matter jurisdiction. Even more, Burris did not waive the right to remand the case because she filed her motion to remand within the 30 day statutory period set out in 28 U.S.C. § 1447(c). Thus, Burris is within her statutory right to have her case remanded back to the Circuit Court of Buchanan County, Missouri.

### B. Severability of Non-removable Claims

Defendant requests that plaintiff's retaliatory discharge claim brought under Mo. Rev. Stat. § 287.780 be severed from the remaining claims and remanded to state court. However, severance of a non-removable state claim is permissible only if the district court is exercising federal question jurisdiction. See 28 U.S.C. § 1441(c) (2009). There is no statutory provision that would allow a district court having jurisdiction based solely on

4

diversity to sever a non-removable claim and adjudicate the remaining state claims.  See e.g., Pike v. Burlington N. R.R., No. 96-6017-CV-SJ-6, 1996 WL 403784, at *1-*2 (W.D. Mo. July 12, 1996) (remanding to state court a case brought under diversity jurisdiction which included a state law claim plus a non-removable claim).

Since Brenda Burris' case does not involve a federal question, the district court does not have the discretion to remand the non-removable claim and adjudicate the remaining claims.  In addition, judicial economy warrants in favor of allowing the state court to deal with all of the claims together.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Remand (Doc. No. 5), and this case is **REMANDED** to the Circuit Court of Buchanan County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Buchanan County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**


Date:   11/10/09       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     Chief United States District Judge